WENTWORTH, Judge.
Appellant James Binder seeks review of a July 9, 1987 order entered in the circuit court for Duval County by which the parties’ marriage was dissolved, alimony was awarded, and property divided. Appellant contends the court erred by making an equitable distribution without evidence as to the value of certain assets. We affirm.
Appellant petitioned for dissolution, asking the court to equitably divide the parties’ jointly owned real and personal property. Appellee answered, and after a hearing the court entered an order dissolving the marriage and awarding appellee $500 per month as permanent alimony. Appel-lee was also awarded the martial home and property, $2,000 from a bank account, and one half of the parties’ $3,900 in savings bonds as lump sum alimony. As equitable distribution appellant was awarded a nearby. house and property, and appellee was awarded a 1967 automobile. The parties were directed to divide certain other items (furniture, fixtures, personal property).
A notice of appeal was filed, and the parties executed an agreed statement of the evidence. This document indicates that the parties were married for 26 years, with four children who are now all adults. Ap-pellee is 48 years old with a limited public school education, and has been unemployed for almost the total duration of the marriage. Appellant has a disability but was employed consistently throughout the marriage and earns over $30,000 per year. The two parcels of property which the court divided are next door to each other. The parties’ agreed statement specifies that:
No testimony was presented as to the present value of either home or their original costs. However, the values were admitted by the parties to be relatively equal....
The agreed statement elsewhere provides that the home which was awarded to appel-lee had an original cost of $40,000, but no testimony was presented as to its present value, and that no testimony was presented as to either the original cost or the present value of the home awarded to appellant.
The parties’ agreed statement identifies a Navy credit union bank account as containing $4,000. While the appeal has been pending appellee filed a motion for this court to relinquish jurisdiction for an evi-dentiary hearing, alleging that she had discovered new evidence suggesting that appellant concealed additional savings of over $70,000. Appellant consented and jurisdiction was relinquished. A hearing was held *926 and the lower court entered an order delineating the circumstances of appellant’s transfer of over $70,000 from the parties'credit union account to his sister. The court determined that “this entire transaction was designed to be a fraud perpetrated on the court and that the money ... still is in fact the money of [appellant].”
Appellant cites several cases for the proposition that a distribution of marital property should not be made without competent evidence as to the value of such property. See e.g., Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA 1985). In the present case there was evidence as to the amount of the parties’ cash assets, and that the two residences are of relatively equal value. In the context presented the evidence is sufficient to permit the court to divide the assets and award one residence to each of the parties. While there was no testimony as to the specific current value of either residence, there appears to have been testimony that one had an original cost of $40,000 (the parties’ agreed statement is not clear in this regard). We note that appellant’s petition for dissolution requested the distribution of marital property, and appellant could have presented more precise evidence as to valuation had he so desired. The court’s order should not be. reversed absent an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). The distribution in this case is within the court’s range of permissible discretion.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.